**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHNNY LEE WICKS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-00288-PMP-GWF |
| ) | |
| vs. ) | **FINDINGS AND RECOMMENDATION** |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | Motion to Dismiss (Dkt. #35) |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendants' Motion to Dismiss (Dkt. #35), filed May 29, 2009; the Declaration of Daisy Molina in Support of Defendants' Motion to Dismiss (Dkt. #36), filed June 3, 2009; and Plaintiff's Opposition to the motion to dismiss (Dkt. #39), filed June 5, 2009. The Court scheduled a hearing on August 17, 2009 for oral argument on this matter. Carlos Gonzalez, counsel for Defendant Social Security Administration, was present in Court at the time appointed for a hearing, but Plaintiff failed to appear.

**DISCUSSION**

**I.    Background**

Plaintiff alleges that he moved from California to Nevada in January 2008. (Dkt. #3 at 4). In his Complaint, Plaintiff states he called the Social Security Administration ("SSA") Nevada Office soon after his move to change his address and an SSA representative informed Plaintiff that his monthly benefits would be reduced as a result of Plaintiff moving to Nevada. (*Id.* at 4-5). In the motion to dismiss, the SSA states that while residing in California, Plaintiff received a California State Supplement to his Federal SSI benefits, which California elected to provide under the optional state supplementary payment provision of 42 U.S.C. § 1382(e). (Dkt. #35 at 2-3). While he was a California resident, Plaintiff received $317 a month in California state supplements in addition to the $128 per

month in Federal SSI payment. (*Id.*) When Plaintiff moved to Nevada and informed the Nevada District SSA office of his change of residency, the SSA explained that Plaintiff would no longer receive the California state supplement and his monthly benefits would be reduced as he was no longer a resident of California. (*Id.* at 3).

However, Plaintiff alleges that the reduction in his benefits is based on race discrimination. (*Id.*) According to the Complaint, Plaintiff talked with John Doe II, SSA Case Manager, and was informed that his benefits would be reduced by February 2008. (*Id.* at 4-6). According to Plaintiff, the SSA violated the appeals rule by reducing his SSA benefits because "the rules" state that the SSA will not reduce SSA benefits if a party appeals the SSA decision within ten (10) days. (*Id.*) Plaintiff alleges that he wrote to John Doe I, SSA Office Manager, asked her why the Nevada SSA Office violated the SSA rules. (*Id.* at 5-6). On January 15, 2008, Plaintiff met with John Doe II, who was allegedly disrespectful and told Plaintiff to move back to California. (*Id.* at 4-6). Plaintiff further alleges that John Doe III, SSA phone staff, called Plaintiff's apartment manager and asked the apartment manager not to help Plaintiff. (*Id.* at 5-6).

On February 5, 2008, Plaintiff received a notice from the SSA Nevada Office stating that Plaintiff had been overpaid SSA benefits. (*Id.* at 6). According to the Complaint, the SSA Nevada Office asked Plaintiff to repay $317.00 for overpayment and informed Plaintiff that it would withhold $63.70 a month beginning in May 2008. (*Id.*) As a result, Plaintiff filed his civil rights complaint pursuant to 42 U.S.C. § 1983 and Application to Proceed *In Forma Pauperis*.

On April 2, 2008, the Court screened Plaintiff's complaint, construing it as a petition for judicial review of a final agency decision rather than a § 1983 action[1] because Courts have limited jurisdiction to hear claims against the SSA. "Federal courts only have jurisdiction to conduct judicial review of SSA decisions". (Dkt. #2); *see* 42 U.S.C. § 405(g); *Pacific Coast Medical Enterprises v. Harris*, 633

---

[1] Had the Court screened Plaintiff's complaint as alleging a § 1983 claim against the SSA, the Court would have dismissed Plaintiff's Complaint as a federal agency is not a state actor for the purposes of a § 1983 claim. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (stating that the "purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights"); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (finding a government agency that is an arm of the state is not a person for the purposes of § 1983).

F.2d 123, 137 (9th Cir. 1980).  In his Complaint, Plaintiff requested that the Court reinstate his social security benefits to the original monthly amount of $886.00.  As a result, the Court allowed the complaint to proceed as a petition for judicial review of the Social Security Administration's decision to reduce Plaintiff's benefits.  (Dkt. #2).  At the time, however, the Court noted that it was unclear whether Plaintiff exhausted his administrative remedies with the SSA and that the case may be subject to remand to the SSA.  (*Id.*)

Defendant SSA argues that Plaintiff's Complaint should be dismissed with prejudice as the Court does not have subject matter jurisdiction over Plaintiff's Complaint due to Plaintiff's failure to exhaust his administrative remedies.  As support for the motion to dismiss, Defendant submits the Declaration of Daisy Molina, District Manager of the SSA's Las Vegas District Office.  (Dkt. #37).  Ms. Molina states that on January 25, 2008 Plaintiff submitted a written request for reconsideration of the SSA's decision to reduce his monthly benefits as a result of his move to Nevada from California.  (*Id.* at 3).  Six months later, on July 29, 2008, the SSA denied Plaintiff's request for reconsideration.  (*Id.*)  The written denial notice included information on Plaintiff's right to appeal the SSA decision by requesting a hearing before an administrative law judge ("ALJ") within sixty (60) days from receipt of the notice.  (*Id.*)  The declaration also states that as of May 28, 2009, Plaintiff had still not requested an ALJ hearing or an extension of time to do so.  (*Id.*)

**II.   Standard for Subject Matter Jurisdiction**

The United States is immune from suit unless it consents to waive its sovereign immunity.  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.  *Id.*; *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).  The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities.  *Hodge*, 107 F.3d at 707.  Any waiver of immunity must be "unequivocally expressed," and any limitations and conditions upon the waiver "must be strictly observed and exceptions thereto are not to be implied."  *Lehman*, 453 U.S. at 160-61 (finding the party suing the federal government must identify "an unequivocal waiver of immunity" by the government).

. . .

Congress included a limited waiver of sovereign immunity within the Social Security Act, which provides jurisdictional basis for the Court to review final administrative decisions concerning claims "arising under" the Act. 42 U.S.C. § 405(g) and (h). However, as a prerequisite to the Court's having subject matter jurisdiction over claims against the SSA, section 405(g) requires a final decision of the Commissioner after exhaustion of a claimant's administrative remedies. *See* 42 U.S.C. § 405(g). Under the statutory framework, Plaintiff's claim must arise under the Act and Plaintiff must have exhausted his administrative remedies before the Court has jurisdiction over the matter.

### 1.     Plaintiff's claims arise under the Social Security Act

A claim arises under the Social Security Act when the plaintiff seeks to recover Social Security benefits or when the Act "provides both the standing and the substantive basis for" the claim. *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975). Claims "arise under" the Act "where an individual seeks a monetary benefit from the agency (say, a disability payment, or payment for some medical procedure), the agency denies the benefit, and the individual challenges the lawfulness of that denial". *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). Such a claim related to a monetary benefit "arises under" the Act "irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds." *Id.* at 10.

Plaintiff's claims arise under the Social Security Act because Plaintiff is seeking a monetary benefit through bringing this action. Plaintiff's complaint seeks the reinstatement of Plaintiff's monthly benefits to the same level as when Plaintiff lived in California. In doing so, Plaintiff is specifically seeking that the Court review the SSA's decision regarding his benefits and grant Plaintiff a monetary benefit by reversing the SSA's reduction of his monthly benefits. Therefore, Plaintiff's claims arise under the Act.

In addition, Plaintiff's claims "arise under" the Act because the Act provides the standing and substantive basis of his claim. Plaintiff seeks to reverse the decision of the SSA regarding his benefits as contrary to rules promulgated under the Social Security Act. Under 42 U.S.C. § 405(g) and (h), Plaintiff has standing to seek judicial review of the SSA's decision where his benefits have been affected by a decision of the SSA. The Act also provides the substantive basis for Plaintiff's claim that his benefits have been improperly reduced. The SSA administers California state supplemental

payments under the Act as authorized by 42 U.S.C. § 1382e. Cal. Welf. & Inst. Code § 12100. SSA regulations promulgated under the Social Security Act govern the procedures and administration of Federally-administered state supplemental payment programs. *See* 20 C.F.R. §§ 416.1400-1403 (2009) (defining SSA's initial determination and appeals process under a federally-administered state supplemental payment program); 416.2005(d) (stating the SSA regulations for the SSI program apply to Federally-administered state supplemental payment programs). Plaintiff's claims challenge the SSA's administration of the California state supplemental payment as authorized by and procedurally governed by the Social Security Act. As a result, the Social Security Act provides the standing and substantive basis for Plaintiff's claim that his monthly benefits should be restored to the level he received when he resided in California. Therefore, Plaintiff's action arises under the Act and Plaintiff must have exhausted his administrative appeals in order for the Court to have jurisdiction over his claims. 42 U.S.C. § 405(g) and (h).

### 2. Plaintiff's Failure to Exhaust His Administrative Remedies

In order for the Court to have jurisdiction over a claim "arising under" the Social Security Act, the plaintiff must have exhausted the administrative remedies set forth in 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), a civil action against the SSA may be brought only after (1) the claimant has been party to a hearing held by the Commissioner of Social Security and (2) the Commissioner has made a final decision on the claim. *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The SSA has promulgated regulations under the hearing and final decision requirements of 42 U.S.C. § 405(g), which establish a four-step process of administrative review that must be undertaken before a court may review the agency's decision: 1) initial determination, 2) reconsideration of the determination, 3) hearing before an administrative law judge and 4) appeals council review. 20 C.F.R. §416.1400. Here, Plaintiff has never sought a hearing before an ALJ after the SSA denied his request for reconsideration and the appeals council has never reviewed his claim and issued a final decision. (Dkt. #37 at 3). As a result, Plaintiff has failed to exhaust the administrative procedures and appeals under 42 U.S.C. § 405(g) and (h). Due to Plaintiff's failure to exhaust his administrative remedies, this Court finds it does not have jurisdiction to review the SSA's decision regarding Plaintiff's monthly benefits and will recommend that the District Judge dismiss this matter with prejudice.

Plaintiff has filed a Motion for Default Judgment (Dkt. #33) and Motion for Final Judgment (Dkt. #34). Based on the discussion above, the Court will recommend that the District Judge deny Plaintiff's motions. Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Dkt. #35) should be **granted** and Plaintiff's Complaint **dismissed with prejudice** as the Court does not have jurisdiction to review the decision of the Social Security Administration based on Plaintiff's failure to exhaust his administrative remedies.

**IT IS FURTHER RECOMMENDED** that Motion for Default Judgment (Dkt. #33) and Motion for Final Judgment (Dkt. #34) should be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 17th day of August, 2008.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**